# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID TETER**  CIVIL ACTION

**VERSUS**  NO. 25-178-BAJ-SDJ

**CAMILA APONTE, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 7, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID TETER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-178-BAJ-SDJ** |
| **CAMILA APONTE, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 10) filed by Plaintiff David Teter. Defendants State Farm Mutual Automobile Insurance Company, Camila Aponte, and Katherine Aponte oppose this Motion (R. Doc. 14). For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand be **denied**.

## I. BACKGROUND

Plaintiff filed this cause of action on or about February 2, 2024, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiff's claims arise from a motor vehicle accident that occurred on February 6, 2023.[2] Initially, the only named Defendants were Camila Aponte, the driver of the vehicle that allegedly struck Plaintiff's vehicle, and Katherine Aponte, the owner of the car Camila Aponte was driving at the time of the accident.[3] On January 10, 2025, Plaintiff filed a Supplemental and Amending Petition for Damages in which he also named State Farm as a Defendant.[4]

---

[1] R. Doc. 1-1 at 1.
[2] *Id.* ¶ 3.
[3] *Id.* ¶¶ 1, 4.
[4] *Id.* at 11.

On February 28, 2025, State Farm removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] In its Notice of Removal, State Farm asserts that Plaintiff is a citizen of Louisiana; both Camila and Katherine Aponte are citizens of Florida; and State Farm is a citizen of Illinois.[6] Plaintiff, in his Supplemental and Amending Petition for Damages, asserts that he made a demand to State Farm and "provided medical records and estimates demonstrating over $250,000 in special damages."[7] Thus, per State Farm, at the time of removal, the requirements for federal diversity jurisdiction had been satisfied.

Plaintiff filed the instant Motion to Remand on March 28, 2025, arguing both that complete diversity of the parties does not exist because Defendant Camila Aponte was a citizen of Louisiana at the time of the accident and that removal of this case was untimely under 28 U.S.C. § 1446(c).[8] State Farm disagrees, arguing that Camila Aponte, as a full-time college student, was not a citizen of Louisiana and that Section 1446(c)(1)'s one-year time limit applies only to cases removed under subsection (b)(3), which are those not removable by the initial pleading, unlike the instant case.[9]

## II.   LAW AND ANALYSIS

### A.   Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

---

[5] R. Doc. 1 at 4.
[6] *Id.* at 4-5.
[7] R. Doc. 1-1 at 14 ¶ 15.
[8] R. Doc. 10-1 at 2-5.
[9] R. Doc. 14 at 1.

different States," and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### B.   Whether This Court Has Diversity Jurisdiction

Plaintiff first argues in his Motion to Remand that, at the time of the underlying accident, Defendant Camila Aponte "is believed to have been a Louisiana domiciliary, supported by the fact that she was attending LSU and residing in Louisiana."[10] Per Plaintiff, because he and Camila Aponte both are Louisiana citizens, there is not complete diversity of the parties.[11] Defendants, on the other hand, argue that Camila Aponte was a citizen of Florida at the time of the accident and that Plaintiff and Defendants are completely diverse from one another. It is not disputed that Camila Aponte was attending Louisiana State University in Baton Rouge, Louisiana, at the time

---

[10] R. Doc. 10-1 at 2.

[11] Plaintiff also requests that if the Court finds that remand is not appropriate here, it allow Plaintiff "to engage in limited jurisdictional discovery regarding the domicile of Defendant Camila Aponte." R. Doc. 10-1 at 3-4. While the Court herein finds that remand is not warranted, it declines Plaintiff's request for limited jurisdictional discovery, as none is needed. The information provided by the parties clearly indicates that Camila Aponte was not a Louisiana citizen at the time of the accident.

of the accident. The question, then, is whether she was a citizen of Louisiana, or another state, at that time.

"For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "The definition of domicile is more than a century old: 'residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time.'" *Firefighters' Retirement Sys. v. Consulting Group Servs., LLC*, 541 B.R. 337, 349 (M.D. La. 2015) (quoting *Mitchell v. U.S.*, 88 U.S. 350, 352 (1874)). "A person's domicile persists until a new one is acquired or it is clearly abandoned; therefore, a change in domicile generally requires the concurrence of physical presence at the new location and an intention to remain there indefinitely." *Id.* (citing *Coury*, 85 F.3d at 250).

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (citing *Coury*, 85 F.3d at 248-49). "The court should look to all evidence which sheds light on the litigant's intention to establish domicile, including a variety of factors such as the places where the party exercises civil and political rights, pays taxes, owns real and personal property, holds driver's and other licenses, has bank accounts, places of business or employment, belongs to churches and other organizations, and maintains a home for [her] family. No single factor is determinative." *Id.* (citing *Coury*, 85 F.3d at 251). "In determining a party's domicile, the court is not limited to the pleadings [and] may look to any evidence in the record, and may receive affidavits, depositions or live testimony concerning the facts underlying the citizenship of the party." *Id.*

Here, Camila Aponte submitted a declaration made pursuant to 28 U.S.C. § 1746, in which she attests that at the time of the accident she was a full-time student at LSU in the second semester

of her freshman year.[12] Per Plaintiff, she "enrolled as a student at LSU and resided in Baton Rouge, Louisiana only to attend LSU during the Fall 2022 semester through the Spring 2023 semester."[13] Other pertinent testimony is as follows:[14]

> I have lived and been domiciled in the State of Florida since 2003 through the present except for the approximate 9 month period in 2022 and 2023 when I attended LSU. I returned to my family home in Davie, Florida during school breaks at LSU and at the end of the spring semester 2023.
>
> …. I transferred to Florida State University ("Florida State") in Tallahassee, Florida in August 2023. I have been a full time student at Florida State since August 2023 to the present. I live in apartments affiliated with Florida State, the American Campus Communities in Tallahassee when I am in school  When not in college, I live and am domiciled at my family home located [in] Davie, Florida…
>
> My part-time employment has been in Florida both in Tallahassee and the Fort Lauderdale area during 2022 to 2024. I have worked as a dance instructor, in an enrichment program and since January 2024 work part time in the leasing office of my apartment complex in Tallahassee.
>
> At the time of the accident with Mr. Teter on February 6, 2023, I had and still have a Florida driver's license. I am also registered to vote in the State of Florida. I have been domiciled and resided in the State of Florida at my family home since 2003. I have and continue to reside in the State of Florida with the intent to remain there.

Camila Aponte then states that she was not domiciled or residing in Louisiana on the date when Plaintiff initially filed the instant lawsuit, on the date Plaintiff filed his Supplemental and Amended Petition adding State Farm as a Defendant, or on the date this case was removed to federal court.[15] Plaintiff has provided no evidence or other information to the contrary.

Considering all of the information provided, the Court finds that Camila Aponte is a domiciliary of Florida. "Out-of-state students are generally viewed as temporary residents in the state where their school is located only for the duration of their studies and without changing

---

[12] R. Doc. 14-1 at 1 ¶ 3.
[13] Id.
[14] Id. at 1-2 ¶¶ 4-7.
[15] Id. at 2 ¶ 8.

domicile." *Marshall v. Duhr*, No. 22-999, 2022 WL 3339438, at *5 (W.D. La. Jun. 29, 2022), *report and recommendation adopted*, 2022 WL 4241824 (W.D. La. Sep. 14, 2022). *See also Racca v. EFG Gen. Partner Corp.*, No. 22-142, 2022 WL 2764735, at *5 (E.D. Tex. Jul. 7, 2022) ("Indeed, it is not unusual for college students to maintain citizenship in one state while residing in another state for the purpose of furthering their education."). As such, the Court finds the diversity requirement of 28 U.S.C. § 1332 satisfied.

### C.    Whether Removal was Timely

Second, Plaintiff argues that removal of the case was untimely under 28 U.S.C. § 1446(c). Per Plaintiff, § 1446(c)(1) "establishes an upper limit on the time in which Defendants may remove an action, barring Defendants from removing an action more than one year after commencement of the action."[16] Because Plaintiff originally filed suit on February 2, 2024, and Defendant did not remove it until February 28, 2025, removal was untimely.[17] Key to Plaintiff's argument is the assertion that "[t]he action was not initially removable if Camila Aponte is found to be a Louisiana domiciliary."[18]

Defendant, however, counters that § 1446(c)(1)'s one-year time limit "applies only to cases removed under subsection (b)(3), that is cases which are not removable by the initial pleading."[19] Defendant argues that, although State Farm was not named as a Defendant when the case was initially filed, the case was still removable at that time, "as all parties were diverse and the amount in controversy met."[20]

---

[16] R. Doc. 10-1 at 4.
[17] *Id.* at 4-5.
[18] *Id.* at 4.
[19] R. Doc. 14 at 1.
[20] *Id.*

28 U.S.C. § 1446(c)(1) states, in part, that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." According to 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Courts have made clear that § 1446(c)(1) applies only to cases that cannot originally be removed. *See Newton v. Allstate Fire & Cas. Ins. Co.*, No. 23-615, 2025 WL 2153299, at *5 (M.D. La. Feb. 28, 2025 ("Accordingly, the case was not initially removable and the timeliness of Defendant's removal of this action is subject to the one year time limit contained in 28 U.S.C. § 1446(c)(1)."); *Tran v. Thompson*, No. 14-263, 2014 WL 4161784, at *4 (M.D. La. Aug. 19, 2014) ("the time limits for removal of this case are governed by § 1446(b)(3) and § 1446(c)(1), which apply to cases that are not removable based on the initial pleading"). *See also Jackson v. Alsco, Inc.*, No. 19-1101, 2019 WL 2250942, at *2 (S.D. Tex. May 24, 2019) (recognizing that defendant "notes correctly that § 1446(c)(1) applies only to cases that are not originally removable"); *Gonzalez v. Bank of Am., N.A.*, No. 17-469, 2018 WL 7253953, at *1 (S.D. Tex. Feb. 28, 2018) ("First, the plain language of § 1446(c)(1) suggests that the one-year removal limitation is only triggered when a case is removed 'under subsection (b)(3),' and subsection (b)(3) is only triggered 'if the case stated by the initial pleading is not removable….'") (quoting 28 U.S.C. § 1446(b)(3)); *Sampson v. Miss. Valley Silica Co.*, 268 F. Supp. 3d 918, 926 (S.D. Miss. 2017) ("Because the case

was not initially removable when filed, the one-year limitation set forth in Section 1446(c)(1) applies.").

Here, there are no allegations or evidence of bad faith by Plaintiff. And, as discussed above, because both Camila Aponte and Katherine Aponte, the original Defendants in this litigation, are both Florida citizens, while Plaintiff is a Louisiana citizen, and available evidence indicates that the requisite amount in controversy has been met, this case was removable based on the initial pleading. As such, the time limit set forth in § 1446(c)(1) is not applicable here. State Farm's removal of this action was not untimely under § 1446(c).

### III.    CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** that Motion to Remand (R. Doc. 10) be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 7, 2026.

    **SCOTT D. JOHNSON**
    **UNITED STATES MAGISTRATE JUDGE**